IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAVID E. HUESTON,**

        Petitioner,

v.                                 **CIVIL ACTION NO. 5:23-CV-236**
                                          Judge Bailey

**R. BROWN,** FCI Gilmer, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 26, 2023, the *pro se* petitioner, David E. Hueston, ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the application of time credits. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. BACKGROUND [1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER.  See **United States v. Hueston**, 1:21-CR-00037-HAB-SLC-1 (N.D. Ind. 2021).  **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

1

A.      **Conviction and Sentence**

On April 28, 2021, petitioner was charged in a three-count indictment in the Northern District of Indiana with: Count One, possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1); Count Two, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and Count Three, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  On June 9, 2022, petitioner entered a plea of guilty to each count, pursuant to a plea agreement.  On January 5, 2023, petitioner was sentenced to a total term of 240 months imprisonment.  According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is February 28, 2038.

B.      **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner argues that the BOP has unlawfully denied him time credits under the First Step Act as a result of his conviction under § 924(c).  Petitioner contends that the BOP has a policy to deny First Step Act eligibility to prisoners with § 924(c) convictions; in contrast, petitioner contends that Congress intended only to bar eligibility for a subset of these convictions: "a 924(c) offender must brandish or discharge a firearm, while committing a violent or drug crime.  Otherwise it must be a repeat 924(c) offender."  [Doc. 1-1 at 2].  Regarding administrative remedies, petitioner states that he was told he cannot grieve matters of BOP policy.

### III.    LEGAL STANDARDS

A.      **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged

with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.      **Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. ANALYSIS

Upon review, the undersigned finds that petitioner has failed to state a claim upon which relief can be granted. Petitioner is ineligible to earn credits under the First Step Act due to his conviction under § 924(c). Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation. 18

U.S.C.A. § 3632(d)(4)(A).  However, subparagraph (D) excludes certain prisoners from eligibility:

> **(D) Ineligible prisoners.**--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> …
>
> **(xxii)** Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C.A. § 3632(d)(4)(D)(xxii).  Here, petitioner pleaded guilty to a violation of § 924(c) for possession of a firearm in furtherance of a drug trafficking crime.  Thus, petitioner is ineligible to receive time credits under 18 U.S.C. § 3632(d).  The undersigned notes that petitioner has included a page in his attachments showing a version of § 3632(d)(4)(D) which comports with his more restrictive reading.  However, the attached text [Doc. 1-2 at 1] comes from an earlier, unenacted version of the First Step Act which was introduced in the Senate on November 15, 2018, and **not** the version which was ultimately passed.  *See* S. 3649, 115th Cong. (2017-2018), https://www.congress.gov/bill/115th-congress/senate-bill/3649/text.  Accordingly, the petition should be dismissed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten

4

(10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  July 5, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE